IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

```
LEO HARDY,                                 )
                                           )
        Plaintiff,                         )
                                           )
             v.                            )   No.
                                           )
CITY OF MILWAUKEE, EDWARD FLYNN            )
OFFICER MICHAEL GASSER,                    )
OFFICER KEITH GARLAND, JR.                 )
and unknown Milwaukee Police               )
Department employees and officers,         )
                                           )   JURY TRIAL DEMANDED
        Defendants.                        )
```

## COMPLAINT

NOW COMES Plaintiff, LEO HARDY, and complaining of Defendants, CITY OF MILWAUKEE, EDWARD FLYNN, OFFICER MICHAEL GASSER, OFFICER KEITH GARLAND, JR., and unknown Milwaukee Police Department employees and officers, ("Defendant Officers"), states as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in

Milwaukee County, and the events giving rise to the claims asserted herein all occurred within this district.

4. Plaintiff Leo Hardy is a resident of Milwaukee and works for a temporary employment service agency providing project-based services for manufacturing companies in the Milwaukee area.

5. Defendant Officers Michael Gasser and Keith Garland, Jr. were Milwaukee police officers at all times relevant to this action, acting under color of law and within the scope of their employment as Milwaukee police officers.

6. Defendant Edward Flynn is, and was at the time of the search, the Chief of the Milwaukee Police Department, acting under color of law and within the scope of his employment. Defendant Flynn is being sued in his individual and official capacities.

7. Unknown Defendant Officers are current and/or former employees, officers, and/or supervisors of the Milwaukee Police Department who at all relevant times were acting under color of law and within the scope of their employment.

8. The City of Milwaukee is a Wisconsin municipal corporation with its principal place of business in Milwaukee, Wisconsin.

**Facts**

9. At approximately 5:00p.m. in the evening on March 13, 2012, Mr. Hardy was by himself in his car when he was stopped by Officers Gasser and Garland for an alleged traffic violation in front of his home.

10. Mr. Hardy had not committed any traffic violation. Rather, Officers Gasser and Garland used an alleged traffic stop as false pretense to search Mr. Hardy without probable cause.

11. Officers Gasser and Garland approached Mr. Hardy's car and ordered him to get out of his car.

12. Mr. Hardy repeatedly asked Officers Gasser and Garland why they had stopped him, but they refused to answer Mr. Hardy's questions.

13. Mr. Hardy exited his vehicle and Officers Gasser and Garland put him up against his car.

14. Officer Gasser then searched Mr. Hardy by reaching his hands into Mr. Hardy's pants and inappropriately touched Plaintiff's genitalia.

15. As a result of Officer Gasser's inappropriate touching, Mr. Hardy feared for his safety and ran.

16. Defendant Officers quickly caught Mr. Hardy.

17. Again, Defendant Officers searched Mr. Hardy. However, this time, they did so by conducting a public strip

search of Mr. Hardy by removing his pants and underwear while he was on the street near his home.

18. Several neighbors and other citizens witnessed Defendant Officers' public strip search of Mr. Hardy.

19. Defendant Officers then arrested Mr. Hardy and placed him in a paddy wagon to be taken to the station.

20. While awaiting transport, Defendant Officers searched Mr. Hardy a third time by reaching inside his pants and touching his genitalia again.

21. No contraband was found on Mr. Hardy.

22. Officers charged Mr. Hardy with resisting arrest.

23. Mr. Hardy remained in custody for 21 days until he was released with time served.

24. While in custody, Mr. Hardy reported what had happened to his probation officer who then referred his complaint to the Milwaukee Police Department's Internal Affairs Division ("Internal Affairs").

25. Representatives from Internal Affairs met with Mr. Hardy while he was in custody at the Milwaukee County House of Corrections.

26. Mr. Hardy attempted to report Defendant Officers' misconduct to the Internal Affairs officers. However, the Internal Affairs officers who met with him tried to intimidate

4

Mr. Hardy, threatening that if his statements were untrue, he would be charged with obstruction of justice.

27. Mr. Hardy eventually received a letter from Internal Affairs stating that no misconduct had been found with Defendant Officers' actions.

28. As a result of the illegal searches perpetrated and allowed by these Defendant Officers, Mr. Hardy experienced physical pain, emotional distress, humiliation, and trauma.

## Count I - 42 U.S.C. § 1983
## Due Process

29. Each Paragraph of this Complaint is incorporated as if fully stated herein.

30. As described more fully above, Defendants denied Plaintiff due process of law in that they engaged in arbitrary government action that deprived him of his liberty, violated his right to bodily integrity, and was so malfeasant as to shock the conscience.

31. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and was objectively unreasonable.

32. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Milwaukee, is liable for their actions.

5

33. As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

## Count II - 42 U.S.C. § 1983
### Fourth Amendment

34. Each Paragraphs of this Complaint is incorporated as if restated fully herein.

35. As described in the preceding paragraphs, the Defendant Officers violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure.

36. As described in the preceding paragraphs, the Defendant Officers violated Plaintiff's Fourth Amendment right in that they seized Plaintiff without justification and without probable cause and conducted and illegal search of his body by touching his genitalia, including a public strip search of his person.

37. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

38. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

39. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under

6

color of law such that their employer, City of Milwaukee, is liable for their actions.

40. As a result of unjustified and unreasonable conduct of the Defendant Officers, Plaintiff has suffered injuries, including emotional distress.

## Count III - 42 U.S.C. § 1983
## False Arrest

41. Each Paragraph of this Complaint is incorporated as if fully stated herein.

42. As described above, Defendant Officers falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

43. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

44. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Milwaukee, is liable for their actions.

45. As a result of unjustified and unreasonable conduct of the Defendant Officers, Plaintiff has suffered injuries, including emotional distress.

### Count IV - 42 U.S.C. § 1983
### Failure to Intervene

46. Each Paragraph of this Complaint is incorporated as if fully stated herein.

47. As described more fully above, one or more of the Defendants had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had he or she been so inclined, but failed to do so.

48. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

49. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Milwaukee, is liable for their actions.

50. As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

### Count V – 42 U.S.C. § 1983
### Conspiracy

51. Each Paragraph of this Complaint is incorporated as if fully stated herein.

52. As described more fully above, Defendant Officers reached an agreement among themselves to deprive Plaintiff of his constitutional rights.

8

53. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

54. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

55. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Milwaukee, is liable for their actions.

56. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated and she suffered injuries, including, but not limited to emotional distress, as described above.

## Count VI – 42 U.S.C. § 1983
### Supervisory Liability

57. Each Paragraph of this Complaint is incorporated as if fully stated herein.

58. As described more fully above, Defendant Flynn, knew or reasonably should have known that Defendants Michael Gasser and Keith Garland, Jr. would violate citizens' constitutional rights in one or more of the ways describe above, and/or knew or reasonably should have known that Officers Gasser and Garland

9

had a pattern of engaging in improper searches, including public strip searches.

59. Defendant Flynn purposely ignored Defendant Officers' pattern of misconduct.

60. As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

### Count VII - Indemnification

61. Each Paragraph of this Complaint is incorporated as if fully stated herein.

62. Wisconsin law, Wisc. Stat. §895.46, requires public entities to pay any tort judgment for damages for which employees are liable within the scope of their employment activities.

63. The Defendant Officers are or were employees of the Milwaukee Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, LEO HARDY, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF MILWAUKEE, EDWARD FLYNN, MICHAEL GASSER, KEITH GARLAND, JR. and unknown Milwaukee Police Department employees and officers, awarding compensatory damages and attorneys' fees, as well as punitive damages against the Defendant Officers in their

10

individual capacities, as well as any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, Leo Hardy hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,


/s/ Heather Lewis Donnell
Attorneys for Plaintiff


Arthur Loevy
Jon Loevy
Heather Lewis Donnell
Elizabeth Mazur
Joel Feldman
Theresa Kleinhaus
LOEVY & LOEVY
312 North May, Suite 100
Chicago, IL 60607
(312) 243-5900

Robin Shellow
324 West Vine Street
Milwaukee, Wisconsin 53212
(414) 263-4488

11