# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LEO HARDY,

      Plaintiff,

v.

CITY OF MILWAUKEE,
OFFICER MICHAEL GASSER,
OFFICER KEITH GARLAND, JR., and
OFFICER MICHAEL VALUCH, JR.,

      Defendants.

Case No. 14-CV-769-JPS

**JUDGMENT**

**Jury Verdict.** This action having come before the Court for trial by jury, and the issues having been tried and the jury having rendered a Special Verdict finding:

 1. Officer Michael Gasser did not have reasonable suspicion that the plaintiff was committing, had committed, or was about to commit a crime, so as to support his stop of the plaintiff;

 2. Officer Gasser did not have a reasonable suspicion that he or another was in danger of physical injury, so as to support his "frisk" or "pat-down" search of the plaintiff;

 3. $2,500.00 would fairly and reasonably compensate the plaintiff for Officer Gasser's stop and frisk;

 4. Officer Keith Garland did not have reasonable suspicion that the plaintiff was committing, had committed, or was about to commit a crime, so as to support his stop of the plaintiff;

 5. $2,500.00 would fairly and reasonably compensate the plaintiff for Officer Garland's stop;

6. Officer Gasser did not search the plaintiff in an unreasonable manner;

7. Officer Gasser did not have probable cause to believe that the plaintiff had committed a violation of the law at the time of the arrest;

8. Officer Garland did not have probable cause to believe that the plaintiff had committed a violation of the law at the time of the arrest;

9. $1,000.00 would fairly and reasonably compensate the plaintiff for his false arrest by Officer Gasser and Officer Garland;

10. Officer Valuch did not search the plaintiff in an unreasonable manner;

11. Officer Gasser's conduct was malicious or in reckless disregard of the plaintiff's rights;

12. $250,000.00 is an appropriate punitive damages award against Officer Gasser;

13. Officer Garland's conduct was malicious or in reckless disregard of the plaintiff's rights; and

14. $250,000.00 is an appropriate punitive damages award against Officer Garland.

**IT IS ORDERED AND ADJUDGED** that, based upon the jury's finding of the fact that Officer Gasser lacked a reasonable suspicion to stop and search the plaintiff, the plaintiff shall have and recover the sum of **$2,500.00** from Officer Gasser;

**IT IS FURTHER ORDERED AND ADJUDGED** that, based upon the jury's finding of the fact that Officer Garland lacked a reasonable suspicion to stop and search the plaintiff, the plaintiff shall have and recover the sum of **$2,500.00** from Officer Garland;

**IT IS FURTHER ORDERED AND ADJUDGED** that, based upon the jury's finding that Officer Gasser and Officer Garland lacked probable cause to arrest the plaintiff, the plaintiff shall have and recover the sum of **$1,000.00** from Officer Gasser and Officer Garland, jointly and severally;

**IT IS FURTHER ORDERED AND ADJUDGED** that, based upon the jury's finding that Officer Gasser engaged in conduct that was malicious or in reckless disregard of the plaintiff's rights, the plaintiff shall have and recover the sum of **$250,000.00** from Officer Gasser;

**IT IS FURTHER ORDERED AND ADJUDGED** that, based upon the jury's finding that Officer Garland engaged in conduct that was malicious or in reckless disregard of the plaintiff's rights, the plaintiff shall have and recover the sum of **$250,000.00** from Officer Garland; and

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Wis. Stat. § 895.45 and the agreement of defendant City of Milwaukee (Docket #207), defendant City of Milwaukee shall be liable to pay the judgments obtained against Officer Gasser and Officer Garland in the aggregate, totaling the sum of **$506,000.00**.

APPROVED:

_____
J.P. Stadtmueller
U.S. District Judge

JON W. SANFILIPPO
Clerk of Court

_8/21/2014_____  S/ Amanda S. Chasteen_____
Date  By: Deputy Clerk