LEO HARDY,

        Plaintiff,

v.

CITY OF MILWAUKEE, OFFICER MICHAEL
GASSER, OFFICER KEITH GARLAND, JR. and
OFFICER MICHAEL VALUCH, JR.,

        Defendants.

CASE NO. 13-CV-769-JPS

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S PETITION
## FOR ATTORNEYS' FEES AND COSTS

Defendants, City of Milwaukee, Officer Michael Gasser, Officer Keith Garland, Jr. and Officer Michael Valuch, Jr. ("Defendants"), by and through their attorneys, Crivello Carlson, S.C., submit this Brief in Opposition to Plaintiff's Petition for Attorneys' Fees and Costs.

## BACKGROUND

Plaintiff brought this civil rights action under 42 U.S.C. § 1983 against Defendants City of Milwaukee, Officer Michael Gasser, Officer Keith Garland, Jr., and Officer Michael Valuch, Jr. In his Amended Complaint, Plaintiff alleged that Defendants unlawfully stopped, searched, and arrested him after a traffic stop on March 13, 2012. (Am. Compl. ¶¶ 8–28.) The crux of Plaintiff's claims revolved around allegations that officers conducted an unlawful strip search of Plaintiff. *See* (Am. Compl. ¶¶ 13–20); (Trial Tr. vol. 4, 896 Aug. 7, 2014.)

In his Amended Complaint, Plaintiff alleged causes of action claiming violation of his due process rights, unreasonable search and seizure, false arrest, failure to intervene, conspiracy, and indemnification under Wis. Stat. § 895.46. (*Id.* ¶¶ 29–59.) In closing arguments, Plaintiff's counsel

1

suggested that the jury return a verdict of up to $8,000 for each line of compensatory damages, totaling $64,000 in suggested compensatory damages. (Trial Tr. vol. 4, 897 Aug. 7, 2014.)

At the conclusion of a four-day trial, the jury found that Officers Garland and Gasser did not have reasonable suspicion to support the traffic stop and that the officers did not have the legal basis to conduct a "pat-down" search and awarded $2,500 in compensatory damages from Officer Gasser and $2,500 in compensatory damages from Officer Garland. (*Id.* at 987–89.) The jury also found that there was not probable cause to arrest Mr. Hardy, and awarded $1,000 in compensatory damages related to that claim. (*Id.*) Significantly, however, the jury expressly found that the officers did **not** conduct searches of Mr. Hardy in unreasonable manners. (*Id.*) And based on that finding, the jury made no finding regarding any officers' intervention with the alleged searches of Plaintiff. (Spec. Ver. 4–9 Aug. 7, 2014.) Lastly, the jury assessed awards of $250,000 in punitive damages against Officer Gasser and Officer Garland. (Trial Tr. vol. 4, 989 Aug. 7, 2014.)

Based on this verdict, Plaintiff now petitions this Court for an award of $515,197.50 in attorneys' fees—$365,322.50 to Loevy & Loevy, and $149,875.00 to The Shellow Group. (Plf.'s Pet. Att'y Fees & Costs 24.) For the reasons set forth below, the award of actual attorneys' fees is not appropriate or, alternatively, any award of fees and costs in this matter should be substantially reduced.

## **ARGUMENT**

It is within the district court's discretion whether to award attorneys' fees under § 1988. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014) ("[T]he district court is in the best position to make the 'contextual and fact-specific' assessment of what fees are reasonable."). The applicable standard for determining the reasonableness and amount of appropriate attorneys' fees, in part, depends on the amount recovered

by the plaintiff. *See Aponte v. City of Chicago*, 728 F.3d 724, 726–27 (7th Cir. 2013); *Hyde v. Small*, 123 F.3d 583, 584 (7th Cir. 1997) (stating that any award of fees "must be reasonable, and **the reasonable fee is sometimes zero**" (emphasis added)).

## I.   The *Farrar* standard.

"[A] reasonable attorney's fee for a nominal victor is usually zero." *Aponte v. City of Chicago*, 728 F.3d 724, 727 (7th Cir. 2013) (citing *Farrar v. Hobby*, 506 U.S. 103, 113, 120–22 (1992)). When assessing fee awards to "trifling victories" in § 1983 cases, the Seventh Circuit applies the standard laid out in Justice O'Connor's concurrence in *Farrar*. *Id.* at 726–27; *Bayer v. Marinette County*, No. 06-365, 2008 WL 4065934, *1 (E.D. Wis. 2008). Under the *Farrar* concurrence, a "reasonable fee for a de minimis victory" should reflect "(1) the difference between the amount recovered and the damages sought, (2) the significance of the issue on which the plaintiff prevailed relative to the issues litigated, and (3) whether the case accomplished some public goal." *Aponte v. City of Chicago*, 728 F.3d 724, 726–29 (7th Cir. 2013). This analysis is **not** confined to cases where a civil rights plaintiff recovers only $1. *Bayer*, 2008 WL 4065934, *6 ("More recent cases . . . especially in the Seventh Circuit, make clear that the actual recovery, even in cases involving more than nominal damages, is a crucial factor in determining the size of the fee."); *see, e.g.*, *Cole v. Wodziak*, 169 F. 3d 486 (7th Cir. 1999) (concluding that recovery of $4,500 in § 1983 suit was low enough, compared to the requested $75,000, to invoke the *Farrar* standard).

In the case at bar, based on Defendants' Rule 59(e) Motion to eliminate or reduce the punitive damages and to eliminate the false arrest damages from the Judgment, Plaintiff's recovery of $5,000—less than 10% of the $64,000 suggested to the jury for compensatory damages—"is good reason to curtail the fee award substantially." *Cole*, 169 F. 3d at 489.

3

Moreover, although the jury found that there was not reasonable suspicion supporting the decisions to stop and pat-down Mr. Hardy, the jury expressly found that the manner in which Mr. Hardy was searched was **not** unreasonable. (Trial Tr. vol. 4, 899 Aug. 7, 2014); *see Scottoriva v. Claps*, 441 Fed Appx. 384, 385–86 (7th Cir. 2011) (upholding the district court's 67% reduction of attorneys' fees where plaintiff achieved "limited success on the central claim").

Therefore, the jury's finding that the search was not unreasonable indicates Plaintiff's victory is one that served his individual interests, rather than advancing some larger public purpose. *See Olinyk v. Flemming*, 918 F. Supp. 763, 767–68 (N.D. Ill. 2013). Accordingly, under the *Farrar* standard, **the Plaintiff should not recover any attorneys' fees**, or alternatively, the reasonable fees should be reduced by 90% based on the Plaintiff's monetary request of the jury.

## II. The *Hensley* Standard.

Where the amount recovered by the prevailing party is something more than a nominal amount, the Seventh Circuit applies the fee determination analysis found in *Hensley*. *See Aponte*, 728 F.3d at 728. Under *Hensley*, it is the prevailing party's burden to establish the fees sought are reasonable:

> [T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise "billing judgment" with respect to hours worked . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.

*Hensley*, 461 U.S. at 437. In evaluating whether the requested fees are reasonable, "the district court generally begins . . . by computing the 'lodestar': the product of [1] the hours reasonably expended on the case multiplied by [2] a reasonable hourly rate." *Montanez*, 755 F.3d at 553.

First, the district court must determine whether the hours were "reasonably expended." *See Hensley*, 461 U.S. at 434. As such, "[c]ounsel for the prevailing party should make a good faith

4

effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from . . . fee submission[s]." *Id.*

Next, the court must determine whether the hourly rate is reasonable. *See Montanez*, 755 F.3d at 553–54. "A reasonable hourly rate is based on the **local market** rate for the attorney's services." *Id.* (emphasis added). In turn, the local market rate is the rate that lawyers of like experience and skill in a given community (Milwaukee, in this case) charge paying clients for the type of work in question. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999). The party seeking the fee award bears the burden of establishing the local market rate for the work, and if that party fails to carry that burden, the court may make its own determination of a reasonable rate. *Gibson v. City of Chicago*, 873 F. Supp. 2d 975, 982–83 (N.D. Ill. 2012).

Lastly, the district court should adjust the lodestar "figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Cavada v. City of Chicago*, No. 1:13-cv-01916, 2014 WL 41242732, *1 (N.D. Ill. Aug. 18, 2014). "The most important of these factors is the degree of success on the merits, especially where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Montanez*, 735 F.3d at 553.

Thus, even if Plaintiff's damages award remains at its current amount, Plaintiff's attorneys' fees should be significantly reduced for the reasons detailed below.

### A. Plaintiff's Attorneys' Fees are Attributable to Hours not Reasonably Expended and Should be Significantly Reduced.

In arguing that the billed time was reasonably expended, Plaintiff simply submits a summation of its work and concludes that its work persuaded the jury. (Plf.'s Pet. Att'y Fees &

5

Costs 7–8.) Additionally, Plaintiff submits examples of other cases where counsel recovered portions of the attorney fees requested. (*Id.*)

In the interests of practicality and judicial economy, Defendants have constructed tables containing selected billing entries verbatim, as submitted Plaintiff's counsel. Some of these tables contain line-by-line objections to billing entries. *See, e.g., Montanez*, 755 F.3d at 555. Defendants assert that these time entries reflect hours that were "unnecessary, duplicative, excessive, or improperly documented" as vague block billing entries, all of which should this Court should eliminate or substantially reduce. *See id.* at 551.

First, several entries are objectionable on the basis that they are vague or combine several discrete tasks into an undifferentiated total of time spent without specifying the amount of time spent on each task. "The district court has broad discretion to strike . . . vague or unjustified billing entries." *Montanez*, 755 F.3d at 555–56. Specifically, "courts have reduced or denied attorneys' fees where block billing and vague descriptions have left them unable to discern whether the amount of time spent on each individual task was reasonable." *Gibson*, 873 F. Supp. 2d at 986; *see also, e.g., Bretford Mfg., Inc. v. Smith System Mfg. Co.*, 421 F. Supp. 1117, 1119 (N.D. Ill. 2006) ("This is the problem with 'block billing,' where the attorney simply lists a string of tasks performed on a particular day and the total time spent on them, without indicating how much time was spent on the tasks."); *Francis v. Snyder*, No. 04 C 4344, 2996 WL 1236052, *4 (N.D. Ill. 2006) (disallowing all attorneys' fees and noting that "[w]ithout some indication of how much time was spent on each individual task, [the court has] no way of determining whether the time spent was reasonable"). In the tables below, Defendants have specifically objected to Plaintiff's impermissible billing entries and labeled them as "Vague," or "Vague block billing."

6

Second, several billing entries describe work that does "not require the services of an attorney and/or are not billable to a client in the exercise of proper billing judgment . . . ." *Bovey v. City of Lafayette*, 638 F. Supp. 640, 646 (N.D. Ind. 1986). Similarly, other entries describe work that amounts to clerical work that should not be billed by an attorney, but rather should have been delegated to a paralegal or administrative professional. *See id.*; *Cavada*, 2014 WL 41242732, *1. Again, in the tables below, Defendants specifically object to Plaintiff's impermissible billing entries and label them as "does not describe billable work," and "work that should be delegated to staff."

Moreover, many billing entries, along with being vaguely described, account for hours that are excessive in relation to the work performed. "[E]xcessive time, not reasonably billed to one's own client, cannot be billed to an adversary through a fee-shifting statute." *Jardien v. Winston Network, Inc.*, 888 F.2d 1151, 1159 n. 10, 1160 (7th Cir. 1989); *see, e.g.*, *Cavada*, 2014 WL 4124273, *2 (reducing 7.9 hours as excessive for creating one basic set of interrogatories and reusing the same set for each defendant); *Webb v. James*, 967 F. Supp. 320, 324 (N.D. Ill. 1997) (reducing time billed for brief phone calls at .30 hours or more as excessive). Defendants have labeled these billing entries in the tables as "excessive for work described."

1. **Attorney Robin Shellow's billing entries reflect time not reasonably expended, signified by vague descriptions, block billing, excessive hours, delegable work, and duplicative work.**

Plaintiff petitions the Court for $149,875.00 in attorney's fees attributable to The Shellow Group, for 392.6 hours billed between Attorney Robin Shellow and Paralegal Mike Danahey. (Plf.'s Pet. Att'y Fees & Costs 24, Ex. A.) As indicated in Table 1, Defendants object to the following billing entries and request that the Court wholly strike or reduce the time.

7

| | TABLE 1 | | | |
|---|---|---|---|---|
| **Date** | **Details** | **Time** | **Value** | **Objection(s)** |
| 06/25/13 | E-mail correspondence with Robin Shellow from Loevy firm on Hardy pre-complaint Analysis.. RS provided police reports her own analysis from open records police reports she gave to Loevy firm.Chase less than a minute, no dope, no reasonable supician, can't resist unlawful arrest, no PC-- parking while black and strip search | 3.6 | 1,530.00 | Vague; Excessive for work described |
| 10/24/13 | In court | .2 | 85.00 | Vague |
| 04/30/14 | Collect and send to L$L Terry research-- we have a statute! send resisting unlawful arrest research and instructions!!! | 9.8 | 4,165.00 | Vague; excessive for work described |
| 05/01/14 | RS email rampage on prior bad acts | 2.2 | 935.00 | Vague; does not describe billable work; excessive for work described |
| 05/01/14 | Reeview final SJ response | 5.2 | 2,210.00 | Excessive for work described |
| 05/05/14 | E-mail correspondence with Theresa Kleinhaus regarding robin's search for whetherh gasser has dismissed felonies with a different middle initial | 2.1 | 892.50 | Excessive for work described |
| 05/17/14 | Locating krw | 1.2 | 510.00 | Vague; does not describe billable work |
| 05/19/14 | E-mail correspondence with ecfmaster@wied.uscourts.gov--reeview city response | 1.3 | 552.50 | Vague; excessive for work described |
| 05/19/14 | E-mail correspondence with Jon Loevy,dean@strangbradley.com, AOL Jim | .1 | 42.50 | Vague |
| 05/21/14 | Search for gasser in ezell complaint | .4 | 170.00 | Does not describe billable work |
| 05/21/14 | **Trial teammake-up** | .53 | 225.25 | Vague; does not describe billable work |
| 05/21/14 | Communications re mental health issues. Do not understand L$L pani | 1.1 | 467.50 | Vague |
| 05/21/14 | Scope of depositions | .1 | 42.50 | Vague; does not describe billable work |
| 05/21/14 | Difficulty in getting mcmh records in time | .1 | 42.50 | Vague; does not describe billable work |
| 05/21/14 | Hardy -- facebook gasser | .4 | 170.00 | Vague; does not describe billable work |
| 05/23/14 | Trial team issues | .13 | 55.25 | Vague; does not describe billable work |
| 05/23/14 | Email re my unfamilarity with editing expert reports and inaccuracy re the perils of editing one's own expert's report with respect to | .4 | 170.00 | Vague; does not describe billable work |

| | TABLE 1 | | | |
|---|---|---|---|---|
| Date | Details | Time | Value | Objection(s) |
| | vulnerability on cross. Learn some new every day | | | |
| 05/28/14 | Review IAD on Hardy Draft 3-5 of Gasser cross | 5.0 | 2,125.00 | Vague block billing |
| 05/28/14 | E-mail correspondence with heather@loevy.com,jon@loevy.com, Theresa Kleinhaus (tess.kleinhaus@gmail.com), Mike Danahey continued review of IAD file-- rewrite of cross without 404b--statement of a party draft 8 | 2.0 | 850.00 | Vague block billing |
| 05/28/14 | Rpt reaction and conveyance to Heather | .1 | 42.50 | Vague |
| 05/29/14 | Gasser connection to Vagnini closer than thought | 1.8 | 765.00 | Vague; excessive for work described; work that should be delegated to staff |
| 05/29/14 | Archived FB pages | .14 | 59.50 | Vague; work that should be delegated to staff |
| 05/30/14 | **3.2** <br> **630-830 pulling exhibits** | 3.3 | 1,402.50 | Vague; work that should be delegated to staff |
| 06/07/14 | Drafts 6-10 Gasser cross. Work on foundations with JMS. Simplify! | 9.0 | 3,825.00 | Vague block billing; excessive for work described |
| 06/08/14 | Attempted input on instruction issues | 1.4 | 595.00 | Vague; does not describe billable work |
| 06/10/14 | Review Gasser cross problems with JMS. Wrote out some foundation issues that continue to elude me. me. JMS Worked on statement of party not 404(b) re IAD report. Worked on meeting at park as moral turpetude. Worked on How to ask leading and door opening questions with JMS on 404(b) issues. RS reviewed MIL re commendations that plaintiffs wanted out and asked L$L if we could withdraw because then defendants would open their own door to bad character evidence. Discussed with JMS how to slow down the follow to stop portion of events | 7.4 | 3,145.00 | Vague block billing; work described performed by person other than Atty. Robin Shellow; does not describe billable work |
| 06/11/14 | E-mail correspondence with heather@loevy.com, Theresa Kleinhaus (tess.kleinhaus@gmail.com),Russell Ainsworth (russell@loevy.com) <br><br> stop and feel and MPD manuals | 2.4 | 1,020.00 | Vague; excessive for work described; does not describe billable work |
| 06/16/14 | Review Wichgers. Did a little PI work. He has potential to hurt us--timelined his dep out. Keep time late and page ref near and dear at trial. Reminds me of PO Devalkeniere or Lewandowski-- can't put finger on concern. Said hardy was drug dealer -- wonder if residents tip | 4.1 | 1,742.50 | Vague block billing; excessive for work described; does not describe billable work |

| | TABLE 1 | | | |
|---|---|---|---|---|
| **Date** | **Details** | **Time** | **Value** | **Objection(s)** |
| | him. **Rs walked to housing project-- a few tippersmostly not. Everyone I saw at hillside thought he was a narc. No drugs. RS thinks garden variety racist.** Heather thought he was likable at deposition. Wonder real reason why he left MPD. Called around. Searched FPO records on line. He did not just take a pay cut for no reason. Oh well, Rs choice not to attend deposition. Called sources. Dad is cop GF | | | |
| 06/19/14 | Reviewed city proposed verdicts with interest- so many! **RS gave short version to bridge club of story and handed out proposed verdicts. Bridge club confused.** | 4.1 | 1,742.50 | Vague block billing; excessive for work described; does not describe billable work |
| 06/21/14 | Review entire file for pre-trial | 14.0 | 5,950.00 | Vague; excessive for work described |
| 06/22/14 | E-mail correspondence with Russell Ainsworth, Mike Danahey, midasdna@gmail.com and continued work on marrying Gassser to AGU style policing | 3.5 | 1,487.50 | Vague block billing; excessive for work described |
| 06/23/14 | RS tries to convince L$L that stopping black schizophrenic and touching him is an aggravator.not a mitigator. Management of diabetes/schizophrenia and how to make officers and city more evil for harrassing mild mannered LEO-- RS advised more aggravating than mitigating.  Rs consulted Dean Strang who stopped by for unannounced visit. He id an opening statement riff that brought tears to my eyes. | 4.4 | 1,870.00 | Vague block billing; does not describe billable work |
| 06/24/14 | Final pre-trial. Took L$L to scene. Explained problems with their approach to pattern instructions. Reviewed JPS instructions with JMS. Rs advised civil instructions serve different role than criminal. | 6.1 | 2,592.50 | Vague block billing |
| 07/14/14 | review of our file for 5 gasser plaintiffs, review Mil, suggest bifurcating statement of a party and relevance in separate MIL | 4.5 | 1,912.50 | Describes work for other files; vague |
| 07/15/14 | Ryan Dep was filed today. RS read it-- boring. Hoping live is better. Per RA paid special attn to report writing sections. Okay--next. | 1.9 | 807.50 | Vague block billing; does not describe billable work |
| 07/16/14 | **Meeting with dad review the ABC's of crossing a snitch. Gasser federal proffer and recording discussion and the pros and cons of whether Rs should create an unwitting snitch or an actual snitch or a snitch working for both sides Re-drat sec 8 of cross draft 11 to be or not to be a snitch** | 2.7 | 1,147.50 | Vague block billing; does not describe billable work |
| 07/21/14 | E-mail correspondence with Mike Danahey, Heather Lewis Donnell, Theresa Kleinhaus, | 2.2 | 935.00 | Vague block billing; does not |

| | TABLE 1 | | | |
|---|---|---|---|---|
| **Date** | **Details** | **Time** | **Value** | **Objection(s)** |
| | Russell Ainsworth, Jon Loevy<br><br>NEW ARREST AND VIDEO | | | describe billable work |
| 07/22/14 | Hospital records reviewed wiht client. They show no etoh or drugs in lab. Glucose VH. Rs breathing fire. First three drafts of letter want Jy's head, license andRS wants to go public. RA calms RS down | 6.6 | 2,805.00 | Excessive for work described; rest of entry does not describe billable work |
| 07/24/14 | RS drafts response to insulin letter to Sue Lappen. **RS talks to Chsholm. Chisholm asks if RS wants JD RS says no—just seasoned DA at district 5 who when plaintiffs are arrested I am called.. RS instructs RA to attach to motion as exhibit. TK forgets. RS teaed off. Have to respond strongly on this** | 9.9 | 4,207.50 | Vague block billing; excessive for work described; does not describe billable work |
| 07/25/14 | RS drafts cross of Garland on 7-7 Includes still of DW dying in squad car.training manual excerpts, Thoms cross draft 1-3 | 7.2 | 3,060.00 | Excessive for work described |
| 07/25/14 | Read Lappen's response to RS letter over insulin. Rs did not respond per RA sage advice. He knows I am hot. | .1 | 42.50 | Does not describe billable work |
| 07/29/14 | RS deals with 2nd retaliatory arrest of Hardy with Chisholm. Shoplifting episode from 6 months ago where brown deer police say best buy employees think they identify a past shop lifter. It is clear MPD has a list of plaintiffs. Maybe Wis DOJ. Probably just the blue speaking to the blue. Talks with JA and suggests filing writ--just in case | 10.4 | 4,420.00 | Vague block billing; does not describe work billable to civil case; does not describe billable work |
| 07/30/14 | **Yuan affidavit feels like perjury-- dad warns Rs not to use that word**. It becomes habit forming and that the word perjury is reserved for very very special occasions. JMS reminds Rs power of cautionary instructions and reminds Rs he is around to help her draft them | .4 | 170.00 | Does not describe billable work |
| 07/30/14 | Truss offer of proof is mising she dates MPD-- RS can deal with her | .8 | 340.00 | Does not describe billable work |
| 07/30/14 | RS learns Blake not subpoened by us. Previously advised NOT rely on city to produce witnesses to help us. RS to weave 5A assertion into cross. RS confers with JMS on 5A. JMS sent me back to my office to do 5A outline-- exasperated. RS does 5A outline. JMS reviewed 5A part of cross with me. | 7.4 | 3,145.00 | Vague block billing; excessive for work described |
| 07/31/14 | Russ, Robin and LEO have come to jesus talk day. | 3.3 | 1,402.50 | Vague; does not describe billable work |
| 08/01/14 | Review Thoms offer of proof-- Re-do outline 4 7-20-14-- soft. **RS--Gasser is a snitch. Thoms is a snitch. Demonstrate repentant snitch Thoms (hold nose) and Gasser lying snitch. Rework cross section and turn Gasser into the** | 5.1 | 2,167.50 | Vague block billing; excessive for work described; does not describe |

| | TABLE 1 | | | |
|---|---|---|---|---|
| **Date** | **Details** | **Time** | **Value** | **Objection(s)** |
| | **sniitch who helps the G and tells his buddies not to deal because the G is watching**. JMS nervous about Rs turing Gasser into snitch. Fears that stunt may jeopardize safety asks Rs to carefully weigh value in labeling Gasser a snitch | | | billable work |
| 08/01/14 | Hardy's guilty plea questionaire. If ruled admiisible by court, take Hardy through it and very simply ask if he was aware at the time he pled that he was waiving his 6th amendment right to present the defense that one can resist an unlawful arrest. Just keep entry. No need to send. The last minute filings are driving me crazy. If this were a civil case, JPS would have RS lunch for these last minute filings. RS talked to ben at PLO office who said to relax a bit. This is a civil lawyer thing. Discovery is slow so pace picks up as so few cases are tried. **RS has lots to lean about the gestault of civil pre-trial prep. Depositions-- everybody sits at the table and asks about cookies and gardens and two days before trial Robin's dad is cautioning her about the use of the words perjury and snitch. Ok. More filings. More outline revisions.. Time to go for a run. No one is going to jail.** | 8.9 | 3,782.50 | Vague block billing; excessive for work described; does not describe billable work |
| 08/01/14 | RS called Fmr Cpt Homicide MPD regarding POWaverly – report is dumb as a box of rocks | .9 | 382.50 | Excessive for work described; does not describe billable work |
| 08/03/14 | Review Deposition Wichgers for impeachment of Garland and Gaasser outline revision 12 | 6.5 | 2,762.50 | Vague block billing; excessive for work described |
| 08/04/14 | First trial day 8 review RA notes make position known on citizen witnesses request to do PO Run in morning! | 12.4 | 5,270.00 | Vague block billing; excessive for work described; does not describe billable work |
| 08/11/14 | Crossimpeachment 8-2 | 9.0 | 3,825.00 | Vague; does not describe billable work; excessive for work described |
| 08/15/14 | E-mail correspondence with Mark L. Thomsen | .1 | 42.50 | Vague |
| 08/15/14 | E-mail correspondence with Mark L. Thomsen | .1 | 42.50 | Vague |
| 09/02/14 | Email re filing mil as they are done not all at once | .1 | 42.50 | Does not describe work billable to this civil case, post-trial |
| **Total Suggested To Reduce** | | **198.10 Hours** | **$84,192.50** | |

12

(Plf.'s Pet. Att'y Fees & Costs, Ex. C, 1–22) (selected entries) (emphasis added).

Additionally, the vast majority of billing entries submitted by Paralegal Michael Danahey consists of e-mails with no detail as to their content or purpose. *See generally* (Plf.'s Pet. Att'y Fees & Costs, Ex. C, 22–32.) Specifically, these entries all begin with the phrase "Email w/" and appear to list initials of the recipients or senders of the e-mail. *See* (*id.*) Accordingly, all of these entries, totaling 8.8 hours at $125 per hour, should be stricken as vague. *Gibson*, 873 F. Supp. 2d at 986. Further, two billing entries consisting of the same e-mail format dated July 23, 2014 and July 24, 2014 account for 1.7 hours and 1.2 hours, respectively. *See* (*id.* at 31.) These entries are also vague, and impermissibly excessive based on the description of work. *See Webb*, 967 F. Supp. at 324. Accordingly, 11.7 hours valued at a total of $1,452.50 billed by Mr. Danahey should be stricken from any award of attorney's fees.

### 2. Loevy & Loevy's billing entries reflect time not reasonably expended, signified by vague descriptions, block billing, duplicative work, and time spent on unsuccessful claims.

Plaintiff petitions the Court for $365,322.50 in attorney's fees attributable to Loevy & Loevy, for 1,240.7 hours billed between 6 attorneys, 2 paralegals, and an office manager. (Plf.'s Pet. Att'y Fees & Costs 24, Ex. A.)

First, Defendants object to each of the entries in Table 2 on the basis that they describe work on unsuccessful claims. *See Hensley*, 461 U.S. at 433–35 ("[W]ork on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." (internal quotations omitted)); *Morjal v. City of Chicago, Ill.*, No. 12 CV 185, 2013 WL 2368062, *1 (N.D. Ill. 2013). "Where the hours spent on successful claims can easily be distinguished from those spent on unsuccessful claims, the court can simply strike the latter entires when computing the lodestar." *Montanez*, 755 F.3d at 553. This table reflects hours spent on Plaintiff's unreasonable

search claim, which was expressly rejected in the jury's verdict. (Trial Tr. vol. 4, 987–89 Aug. 7, 2014.) Moreover, to the extent the entries in this table are objectionable on those grounds already described in relation to Table 1, Defendants object in the final shaded column.

| TABLE 2 | | | | | |
|---------|---|---|---|---|---|
| **Date** | **Description** | **Attorney** | **Rate** | **Hours** | **Objection(s)** |
| 3/10/2014 | call with client; conference with AL re: settlement (.25); draft settlement letter; **research case law on damages for strip searches**; fill out expert new case form; meeting with Tess re: case strategy; review Hardy dep | Donnell | $315 | 5 | Vague block billing |
| 7/29/2013 | Legal research on strip searches | Kleinhaus | $225 | 3 | |
| 7/31/2013 | Legal research and drafting memo on strip searches | Kleinhaus | $225 | 6.5 | Vague block billing |
| 2/18/2014 | Legal research on strip search claim | Kleinhaus | $225 | .7 | |
| 2/18/2014 | Legal research on strip search claim, correspondene with opposing counsel | Kleinhaus | $225 | 2.3 | |
| 6/3/2014 | Legal research re: jury instructions | Kleinhaus | $225 | 3.7 | |
| 6/4/2014 | Jury instruction research at Dirksen Federal Courthouse, revising final pretrial order, revising proposed jury instructions | Kleinhaus | $225 | 5.1 | Vague block billing |
| 6/6/2014 | **research case law re: unreasonable searches and seizures**; draft jury instructions to propose to defendants; confer w/ HLD re: same | Ainsworth | $415 | 2 | Vague block billing |
| 6/17/2014 | **drafting jury instructions on** conspriacy, **unreasonable search**, terry stop and frist; reviewing defendants' FPTO submissions | Ainsworth | $415 | 1 | Vague block billing |
| **Total Suggested to Reduce** | | | **29.30 Hours** | **$7,612.50** | |

(Plf.'s Pet. Att'y Fees & Costs, Ex. B) (selected entries) (emphasis added).

Next, Defendants object to the entries shown in Table 3 on the basis that they consist of entries that should have been delegated to staff and billed at a lower rate. *See Cavada*, 2014 WL

14

4124273, *2 ("Plaintiffs' attorneys also improperly billed time for its paralegals to open the case file, create a hard file, scan files and records, print, and file documents."). Moreover, to the extent the entries in this table are objectionable on those grounds already described in relation to the Tables 1 and 2, Defendants object in the final shaded column.

| TABLE 3 | | | | | |
|---|---|---|---|---|---|
| Date | Description | Attorney | Rate | Hours | Objection(s) |
| 8/1/2014 | depose monique truss (6.0); **trial prep AV equip at court; prepare exhibit lists;** review juror questionaire; meet with client; to/from Milwaukee (3.5) | Donnell | $315 | 10.75 | Vague block billing |
| 8/2/2014 | draft witness exams (cook and hernandez); **prepare trial computer** | Donnell | $315 | 5 | Vague block billing |
| 8/5/2014 | trial, prepare Sutter witness cross exam; **prepare audio clips with synched transcript for cross exam** | Donnell | $315 | 20.5 | Vague block billing |
| 1/7/2014 | **Creating index of defendant disclosures**, correspondence with Robin Shellow | Kleinhaus | $225 | 1.8 | |
| 2/4/2014 | **Creating Index of defendants' initial document production**, discussion with Heather Lewis Donnel, conversation with Sue Lappen, revising amended complaint | Kleinhaus | $225 | 5.5 | Vague block billing |
| 3/14/2014 | **Creating exhibits for response to motion to compel response**, assisting with dep prep for defendants | Kleinhaus | $225 | .5 | |
| 3/24/2014 | Meetings with Heather Lewis Donnell and Joel Feldman, review of new documents, **organizing wit folders for upcoming deps** | Kleinhaus | $225 | 3 | |
| 5/22/2014 | Obtaining police report from 3rd district which Defendants refused to produce, obtaining medical records from Aurora Behavioral Clinic | Kleinhaus | $225 | 4 | Excessive for work described |
| 5/23/2014 | Organizing materials for expert | Kleinhaus | $225 | .5 | |

| Date | Description | Name | Rate | Hours | | Notes |
|------|-------------|------|------|-------|--|-------|
| 6/10/2014 | Strategy meeting with Heather Lewis Donnell and Russell Ainsworth, **drafting trial subpoenas**, calling witnesses, reviewing deposition testimony of third party wits | Kleinhaus | $225 | 3.5 | | |
| 6/13/2014 | Researching and drafting motion in limine re mental health and reviewing summary judgment order, **drafting trial subpoenas** | Kleinhaus | $225 | 8.7 | | Vague block billing |
| 8/4/2014 | **Creating motion in limine chart**, trial, strategy meeting, **summarizing depositions, summarizing witness testimony** | Kleinhaus | $225 | 20.75 | | Vague block billing; excessive for work described |
| 8/5/2014 | Trial, review of witness testimony, **annotating depositions, summarizing witness testimony** | Kleinhaus | $225 | 19 | | Vague block billing; excessive for work described |
| 12/24/2013 | Set up case expenses file, enter case expenses, file receipts | Andy Thayer (Paralegal/Office Manager) | $125 | .5 | | |
| 3/18/2014 | Record and file case expense receipts, prepare case expenses report for Heather | Andy Thayer (Paralegal/Office Manager) | $125 | 1 | | |
| 6/2/2014 | Updating case expenses, filing receipts | Andy Thayer (Paralegal/Office Manager) | $125 | 2 | | |
| 6/11/2014 | Updating case expenses, filing receipts | Andy Thayer (Paralegal/Office Manager) | $125 | 0.5 | | |
| 8/3/2014 | Updating case expenses, filing receipts | Andy Thayer (Paralegal/Office Manager) | $125 | 2 | | |
| 8/18/2014 | Begin preparation of bill of costs | Andy Thayer (Paralegal/Office Manager) | $125 | 5.25 | | |
| 8/19/2014 | Continue preparing bill of costs | Andy Thayer (Paralegal/Office Manager) | $125 | 3.5 | | |
| 8/21/2014 | Continue preparing bill of costs | Andy Thayer (Paralegal/Office Manager) | $125 | 0.75 | | |
| 9/4/2014 | Finish preparing bill of costs | Andy Thayer (Paralegal/Office Manager) | $125 | 3.25 | | |
| **Total Suggested to Reduce** | | **122.25 Hours** | | **$28,893.75** | | |

(Plf.'s Pet. Att'y Fees & Costs, Ex. B) (selected entries) (emphasis added). Especially noteworthy are two entries by Attorney Kleinhaus from August 4th and 5th that block-bill 20.75 and 19 hours, respectively. *See* (Plf.'s Pet. Att'y Fees & Costs, Ex. B, 19.) While trial was being held on these dates, these two block-billing entries, containing only twenty-three words, compile nearly forty hours of work within a forty-eight hour period. (*Id.*) These billing entries are excessive for the work described and should be stricken as impermissible block-billing. *See Montanez*, 755 F.3d at 555–56 ("The district court has broad discretion to strike . . . vague or unjustified billing entries.").

Additionally, Defendants object to those billing entries which reflect duplicative work unnecessarily performed by several attorneys, and request that the Court strike or reduce them accordingly. "[T]he tendency of law firms to overstaff a case should cause the trial court to scrutinize a fees petition carefully for duplicative time." *Jardien v. Winston Network, Inc.*, 888 F.2d 1151, 1160 (7th Cir. 1989); *Ustrak v. Fairman*, 851 F.2d 893, 987–88 (7th Cir. 1988) ("Almost a week's work is far too much for preparing to argue an appeal in a case involving simple facts, a three-day trial, and legal issues of limited (though not trivial) scope and novelty."). Here, Table 4 illustrates and organizes various tasks where more than one attorney billed for tasks that did not require the number of attorneys billed; moreover, the entries referred to in this table consist of vague block-billing entries, making it more difficult to gauge the level of overlapping work.

| TABLE 4 | | | | |
|---|---|---|---|---|
| Task / Date(s) | Total hours billed for task | Attorney / Rate / Hours billed for task | | |
| Plaintiff's deposition<br><br>2/4/2014 | 18.5 | Kleinhaus | $225 | 9 |
| | | Donnell | $315 | 9.5 |
| Summary judgment pleadings,<br><br>4/29/2014–5/1/2014 | 71.5 | Kleinhaus | $225 | 23.9 |
| | | Donnel | $315 | 27.5 |
| | | Shellow | $425 | 10.3 |

17

| | | | |
|---|---|---|---|
| Review of expert report, 5/23/2014 | 8.7 | Kleinhaus | $225 | 4.7 |
| | | Donnell | $315 | 4 |
| Proposed jury instructions, 6/5/2014 | 7.5 | Kleinhaus | $225 | 4.5 |
| | | Donnell | $315 | 3 |
| Responses to Motions in Limine, 6/20/2014–6/23/2014 | 26.25 | Kleinhaus | $225 | 10.5 |
| | | Donnell | $315 | 15.75 |
| Work related to final pretrial conference, 6/24/2014 | 34.85 | Kleinhaus | $225 | 10.5 |
| | | Donnell | $315 | 15.75 |
| | | Ainsworth | $415 | 2.5 |
| | | Shellow | $425 | 6.1 |
| Trial, 8/4/2014–8/7/2014 | 227.4 | Kleinhaus | $225 | 66.25 |
| | | Donnell | $315 | 68 |
| | | Ainsworth | $415 | 45.75 |
| | | Shellow | $425 | 47.4 |
| **Total Duplicative Work** | | **384.90 Hours** | **$121,445** | |

*See* (Plf.'s Pet. Att'y Fees & Costs, Ex. B) (selected entries).

Lastly, Defendants object to billing entries to the 40.65 hours the Loevy firm spent preparing the present fee petition as excessive. *See* (Plf.'s Pet. Att'y Fees & Costs, Ex. B.) "The fee petitions are marvels of misplaced ingenuity and thoroughness, rehearsing in great detail basic principles well known to the district court . . . and reinforcing [the Seventh Circuit's] impression that lawyers litigate fee issues with greater energy and enthusiasm than they litigate any other type of issue." *Ustrak*, 851 F.2d at 988. Thus, prior to even receiving or replying to this Response Brief, Plaintiff's counsel has spent more than one week's worth of work on preparing the fee petition. Defendants submit that these hours should be reduced by 50%.

### B. Plaintiff's Hourly Rates Are Excessive and Should Be Reduced.

The majority of Plaintiff's Petition is devoted to arguing that Plaintiff's counsel's hourly rates are not excessive. *See* (Plf.'s Pet. Att'y Fees & Costs 9–24.) To that end, Plaintiff requests an award of hourly rates that would burden the taxpayers of the City of Milwaukee and that may set

18

precedent for that excessive burden to continue in several other cases. *See Perdue v. Kenny A. ex rel. Winn.*, 559 U.S. 542, 559 (2010) ("In many cases, attorney's fees awarded under § 1988 are not paid by the individuals responsible for the constitutional or statutory violations on which the judgment is based[; but instead,] the fees are paid in effect by state and local taxpayers . . . .").

"A reasonable hourly rate is based on the local market rate for the attorney's services." *Montanez*, 755 F.3d at 553. The Seventh Circuit explained:

> The best evidence of the market rate is **the amount the attorney actually bills for similar work,** but if that rate can't be determined then the district court may rely on evidence of rates charged by **similarly experienced attorneys** in the community and evidence of rates set for the **attorney in similar cases**. . . . . The party seeking the fee award bears the burden of establishing the market rate for the work; **if the lawyers fail to carry that burden, the district court can independently determine the appropriate rate**.

*Id.* (emphasis added) (internal citations omitted).

Here, while Plaintiff's counsel are qualified attorneys, their hourly rates are excessive in light of the prevailing market rate and a lack of evidence that their higher rates achieved results that were better than a competent civil rights attorney charging a lower rate. *See Cooper v. Casey*, 97 F.3d 914, 920–21 (7th Cir. 1996).

### 1. Attorney Shellow's billing rates are excessive and should be reduced.

Attorney Shellow's affidavit does not show that she actually bills the requested rate of $425 per hour. *See* (Plf.'s Pet. Att'y Fees & Costs, Ex. A.) Rather, Attorney Shellow states that this case is her first civil case since being admitted to the bar in 1987, and that her "value has never been expressed in dollars won." (*Id.*, Ex. P ¶¶ 2, 12.) Similarly, the affidavits of Attorney Jonathan S. Safran and Attorney Jeff Scott Olson do not support Attorney Shellow's purported hourly rate, as both affidavits speak to rates charged by attorneys who regularly litigate civil rights cases in federal court. *See* (*id.*, Ex. D ¶ 6; *id.*, Ex. F ¶ 19.) Lastly, given the lack of other evidence supporting

Attorney Shellow's hourly rate, Plaintiff's reliance on the Laffey Matrix is misplaced, *see* (*id.* at 13–14), as the Seventh Circuit has "expressed some skepticism about applying the Laffey Matrix outside of Washington D.C. . . . ." *Montanez*, 755 F.3d at 554; *see, e.g.*, *Elusta v. City of Chicago*, 760 F. Supp. 792 (N.D. Ill. 2010) (noting that the Laffey Matrix rates "appear significantly higher than those typically awarded" in the Northern District of Illinois). Accordingly, because Plaintiff has failed to meet his burden of showing the reasonableness of Attorney Shellow's rate, this Court should use its sound discretion to determine an appropriate rate. Because this is Attorney Shellow's first civil rights case, and based on her qualifications, Defendants submit that $175 per hour is a reasonable hourly rate for Attorney Shellow[1].

### 2. Loevy & Loevy's hourly rates excessive and should be reduced.

Plaintiff requests this Court award attorneys' fees at the following rates for the Loevy & Loevy firm: $495/hour for Attorney Loevy; $415/hour for Attorney Ainsworth; $315/hour for Attorney Donnell; $225/hour for Attorney Kleinhaus; $275/hour for Attorney Mazur; and $325/hour for Attorney Feldman. *See* (Plf.'s Pet. Att'y Fees & Costs, Ex. A.)

Plaintiff's have submitted no evidence showing that their hourly rates comport with the prevailing market rates **in Milwaukee**, as required by Seventh Circuit precedent. *See Montanez*, 755 F.3d at 553. Rather, recent case law and Plaintiff's own evidence indicate that competent civil rights attorneys achieving similar results could have charged much lower rates. *See, e.g.*, (Plf.'s Pet. Att'y Fees & Costs, Ex. G) (stating that $325 hourly rate was requested in the Eastern District of Wisconsin for 1983 graduate); *Hutchins v. Clarke*, No. 07-C-0526, 2010 WL 2430971 (E.D. Wis. 2010) (awarding $250 and $200 hourly rates in civil rights case to attorney with "considerable

---

[1] The Defendants also note that Attorney Samuel C. Hall, Jr. and other partners within Crivello Carlson, S.C. charge the City of Milwaukee an hourly rate of $175 per hour in this and other related civil rights cases. *See* (Hall Aff. ¶ 2.) This lower rate, as compared to the rates being sought by the Plaintiff's counsel, is charged even for attorneys with very significant prior experience and success in litigating civil rights cases within this District and in other federal district and appellate courts throughout the country.

experience in litigating civil rights cases for law enforcement officers"); *Doe v. Raemisch*, No. 10-C-0911, 2013 WL 1314453 (E.D. Wis. 2013) (noting that $300 hourly rate was reasonable as prevailing market rate). Here, without evidence supporting higher rates, two of the Loevy attorneys seek to charge more than $400 an hour, and other attorneys seek fees at the same or similar rates as civil rights attorneys with considerably more experience. For example, compare the Affidavit of Paul R. Erickson, (Plf.'s Pet. Att'y Fees & Costs, Ex. G ¶ 3, 6), with the Affidavit of Heather Lewis Donnel, (Plf.'s Pet. Att'y Fees & Costs, Dckt. 219-14, ¶ 1, 13.) Lastly, Plaintiff's reliance on the Laffey Matrix in relation to Loevy & Loevy's hourly rates is misplaced for those reasons identified above.

Accordingly, Defendants submit that the hourly rates requested by Loevy & Loevy should be reduced as follows: $350/hour for Attorney Loevy; $315/hour for Attorney Ainsworth; $250/hour for Attorney Donnell; $175/hour for Attorney Kleinhaus; $235/hour for Attorney Mazur; and $260/hour for Attorney Feldman.

### C. Plaintiff's Final Lodestar Amount Should be Reduced for Lack of Success on the Merits

As previously addressed, where a plaintiff is only partially successful on the merits, district courts are instructed to reduce the lodestar accordingly. *Montanez*, 755 F.3d at 553; *Spellan v. Board of Educ. For Dist. 111*, 59 F.3d 642, 645 (7th Cir. 1995) ("A district court, in analyzing a fee request in a case that has settled or continued to full litigation, must carefully scrutinize 'the degree of success obtained' by counsel."). "[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley*, 461 U.S. at 440.

In this case, although the jury found that there was not reasonable suspicion supporting the decisions to stop and pat-down Mr. Hardy, the jury expressly found that the manner in which

Plaintiff was searched was not unreasonable. (Trial Tr. vol. 4, 987–89 Aug. 7, 2014); *see Scottoriva,*, 441 Fed Appx. at 385–86 (upholding the district court's 67% reduction of attorneys' fees where plaintiff achieved "limited success on the central claim"). To that end, Plaintiff was successful on only 3 of the 8 claims listed on the Special Verdict. *See* (Trial Tr. vol. 4, 987–89 Aug. 7, 2014.) Accordingly, Defendants submit that Plaintiff's lodestar amount—after adjustments for hourly rates and hours not reasonably expended—should be adjusted downward by 62.5%, to reflect the number of claims on which Plaintiff was not successful.

## CONCLUSION

Based on the foregoing reasons, Defendants respectfully request that this Court deny the Plaintiff's Petition in its entirety based on the *Farrar* standard. Alternatively, should the Court be inclined to award attorney fees, the Defendants have constructed Table 5, below, which shows the calculated totals of billable hours and rates to which Defendants object, and the new hours, rates, and values that Defendants submit to this Court as reasonable.

| TABLE 5 | | | | | | | |
|---|---|---|---|---|---|---|---|
| | Requested Hours | Requested Rates | Total Value Requested | Objected Hours | Reduced Hours | Reduced Rates | Total |
| The Shellow Group | | | | | | | |
| Robin Shellow | 336 | $425.00 | $142,800.00 | 238.10 | 97.90 | $175.00 | $17,132.50 |
| Mike Danahey | 56.6 | $125.00 | $7,075.00 | 11.70 | 44.90 | same rate | $5,612.50 |
| | | | | The Shellow Group total before 62.5% reduction for lack of success on merits. | | | $22,745.00 |

22

| Loevy and Loevy | | | | | | | |
|---|---|---|---|---|---|---|---|
| Jon Loevy | 11.0 | $495.00 | $5,445.00 | 0.75 | 10.25 | $350.00 | $3,587.50 |
| Russell Ainsworth | 235.5 | $415.00 | $97,732.50 | 53.88 | 181.62 | $315.00 | $57,210.30 |
| Heather Donnell | 422.5 | $315.00 | $133,087.50 | 87.25 | 335.25 | $250.00 | $83,812.50 |
| Theresa Kleinhaus | 466.7 | $225.00 | $105,007.50 | 179.60 | 287.10 | $175.00 | $50,242.50 |
| Elizabeth Mazur | 11.5 | $275.00 | $3,162.50 | 0.0 | 11.50 | $235.00 | $2,702.50 |
| Joel Feldman | 46.0 | $325.00 | $14,950.00 | 0.0 | 46.00 | $260.00 | $11,960.00 |
| Melinda Elk | 16.25 | $125.00 | $2,031.25 | 0.0 | 16.25 | same rate | $2,031.25 |
| Lauren Labata | 12.5 | $125.00 | $1,562.50 | 0.0 | 12.50 | same rate | $1,562.00 |
| Andy Thayer | 18.75 | $125.00 | $2,343.75 | 18.75 | 0 | --- | $0.00 |
| | | | | Loevy and Loevy total before 62.5% reduction for lack of success on merits. | | | $213,108.55 |
| | | | | **Totals after 62.5% reduction for lack of success on the merits.** | | | |
| | | | | **The Shellow Group** | | | **$8,529.38** |
| | | | | **Loevy and Loevy** | | | **$79,915.71** |
| **GRAND TOTAL – Requested** | | | **$515,197.50** | **GRAND TOTAL - Suggested** | | | **$88,445.09** |

Accordingly, if any attorneys' fees are to be awarded, Defendants respectfully request that this Court reduce Plaintiff's attorneys' fees to $88,445.09 in total, with $79,915.71 to Loevy and Loevy, and $8,529.38 to The Shellow Group.

Dated this 18th day of September, 2014.

By:  /s/ Samuel C. Hall, Jr.
        SAMUEL C. HALL, JR.
        State Bar No. 1045476
        BENJAMIN A. SPARKS
        State Bar No. 1092405

        Attorneys for Defendants, City of
        Milwaukee, Officer Michael Gasser, Officer
        Keith Garland, Jr. and Officer Michael
        Valuch, Jr.

        CRIVELLO CARLSON, S.C.
        710 North Plankinton Avenue, Suite 500
        Milwaukee, Wisconsin  53203
        Phone – (414) 271-7722
        Fax – (414) 271-4438
        shall@crivellocarlson.com

24