UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**LEO HARDY,**

        **Plaintiff,**

   v.                                              **Case No. 13-C-769**

**CITY OF MILWAUKEE**

        **Defendant.**

---

## ORDER REGARDING MEDIATION PROCEEDINGS

---

The above matter has been referred to me for mediation by United States Magistrate Judge William E. Callahan, Jr. Based on this referral and pursuant to the order,

**IT IS HEREBY ORDERED**:

1. I will conduct a settlement conference on **January 16, 2015 at 9:30 A.M.** All parties should initially convene in my courtroom, **Courtroom 254**, United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin and should sign in on the appearance sheets provided. The mediation will focus on all issues necessary to fully resolve the case, including reasonable costs and attorneys' fees.

2. Primary counsel who will try the case must be present.

3. A person with full settlement authority also must be physically present at the conference; parties shall not be permitted to appear by telephone. This requirement contemplates the presence of a party or, if a corporate entity, an authorized representative of the party, who can settle the case during the course of the conference <u>without consulting a superior</u>.

4. **Presettlement Conference Demand and Offer**

   A. A settlement conference is more likely to be productive if, before the conference, the parties have had a chance to discuss settlement proposals. Prior to the conference, the attorneys are directed to discuss settlement with their respective clients and, if applicable, insurance representatives.

   B. In addition, plaintiff's counsel shall submit a written settlement demand to the defendant's counsel with a brief explanation of why such a settlement is appropriate on or before **January 2, 2015**.

   C. Defendant's counsel shall submit a written offer to the plaintiff's counsel with a brief explanation of why such a settlement is appropriate on or before **January 6, 2015**.

   D. This process may lead directly to a settlement. If a settlement results, the plaintiff shall promptly notify my chambers at 414-297-3963.

5. **Mediation Conference Statement**

   A. The following documents **shall NOT be electronically filed**. These documents shall be used only for mediation and shall not become part of the court's file in this matter. The following documents shall be sent <u>directly to my chambers</u> in the following manner:

      Email, in PDF, to GoodsteinPO@wied.uscourts.gov

   B. No later than **4:00 P.M.** (CT) **January 9, 2015,** plaintiff's counsel shall provide me with the following three sets of materials:

      i. Copies of: (a) the plaintiff's written settlement demand provided to defendant's counsel; and (b) the defendant's written offer provided to plaintiff's counsel exchanged as part of the pre-settlement conference demand and offer procedure set forth in Part 4 of this Order.

      ii. A mediation statement, <u>not exceeding 5 pages in length</u>, setting forth the relevant positions of the parties concerning factual issues, issues of law, and damages. Also included in this mediation statement shall be the names, and if applicable, titles, of all persons who are expected to attend the mediation conference. This mediation statement shall be simultaneously provided to all other counsel of record in this matter.

iii. A separate *ex parte* letter indicating the minimum settlement position of the plaintiff, including all damages, costs, and attorneys' fees. This letter shall not be provided to the defendant.

C. No later than **4:00 P.M.** (CT) **January 9, 2015,** <u>defendant's counsel</u> shall provide me with the following two sets of materials:

i. A mediation statement, <u>not exceeding 5 pages in length</u>, setting forth the relevant positions of the parties concerning factual issues, issues of law, and damages. Also included in this mediation statement shall be the names, and if applicable, titles, of all persons who are expected to attend the mediation conference. This mediation statement shall be simultaneously provided to all other counsel of record in this matter.

ii. A separate *ex parte* letter indicating the maximum settlement position of the defendant, including all damages, costs, and attorneys' fees. This letter shall not be provided to the plaintiff.

6. The purpose of the mediation is to permit an informal discussion between the attorneys and parties on all aspects of the lawsuit that bear on settlement. To promote a full and open discussion, communications occurring during the mediation cannot be used by any party with regard to any aspect of this litigation. See Civil L.R. 16(d)(3).

7. Questions regarding the mediation may be directed to Dee McLeod Brock at 414-297-1205.

Dated at Milwaukee, Wisconsin this 18th day of December, 2014.

AARON E. GOODSTEIN
U.S. Magistrate Judge